UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 1:26-cv-22960-CMA

STEPHEN M. CODY

      Plaintiff,

vs.

VILLAGE OF PALMETTO BAY

      Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, VILLAGE OF PALMETTO BAY (the "Village"), by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the S.D. Fla. Local Rules, hereby files this Reply in support of its Motion to Dismiss Plaintiff's Complaint (ECF No. 12), and states:

Plaintiff's Response in Opposition to Defendant's Motion to Dismiss ("Response") provides no compelling reason or legal authority for the Complaint to withstand dismissal. The Complaint must be dismissed because Plaintiff did not suffer a materially adverse action to state a claim for First Amendment retaliation and fails to plausibly allege any discrimination to state a claim for content or viewpoint discrimination. Dismissal is appropriate.

**I.      PLAINTIFF DID NOT SUFFER A MATERIALLY ADVERSE ACTION.**

As clearly stated in the Village's Motion to Dismiss, Plaintiff's First Amendment retaliation claim does not hinge on the application of *Pickering*[1]; rather, Plaintiff's claim independently fails for lack of a materially adverse action. *See* ECF No. 12 p. 15, n. 6. In his

---

[1] *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563 (1968).

Response, Plaintiff cites to **<u>no factually similar case</u>** for his proposition that the actions taken by the Village constitute materially adverse actions.[2]

The Eleventh Circuit joined its sister Circuits in adopting an objective test for proving a retaliation claim: "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005) (quoting *Constantine v. Rectors and Visitors of George Mason Univ.,* 411 F.3d 474, 500 (4th Cir. 2005) (internal quotations and other citations omitted). This objective test, however, does not detract from the **fact-specific inquiry** required for retaliation claims. *See id*. (citing *Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 686 (4th Cir. 2002); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008); *Kelly v. City of Hapeville*, No. 1:07-CV-2739-BBM, 2008 WL 11417203, at *7 (N.D. Ga. July 22, 2008) ("[W]hether a given action would deter a person of ordinary firmness is a fact-specific inquiry.").

Though the Eleventh Circuit has not been confronted with a case factually similar to the claims here, other Circuits have been and have determined that actions similar to those taken by the Village do not amount to retaliation in violation of the First Amendment. *See Werkheiser v. Pocono Twp.,* 780 F.3d 172, 183 (3d Cir. 2015) (dismissing retaliation claim because elected official's removal from an unrelated position did not interfere with his role as an elected official and does not run afoul of the First Amendment); *Chinn v. City of Spokane*, 429 F. App'x 673, 675 (9th Cir. 2011) (dismissing for failure to state a First Amendment claim because revocation of court nominee's appointment by city council did not amount to retaliation); *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 546 (9th Cir. 2010); *Rash-Aldridge v. Ramirez*, 96 F.3d 117, 120 (5th Cir. 1996) (city councilmember's removal from appointed position did not violate First Amendment); *see also Curley v. Monmouth Cnty. Bd. of Chosen Freeholders*, 816 F. App'x 670, 675 (3d Cir.

---

[2] To be sure, the viability of Plaintiffs' claims, and Plaintiff's eligibility to make a §1983 claim against the Village is entirely questionable. No Eleventh Circuit opinion explicitly authorizes an elected official to bring a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

2020) (noting that to constitute a materially adverse action, conduct against elected official must interfere with his ability to adequately perform his elected duties); *cf. Bond v. Floyd*, 385 U.S. 116, 137 (1966) (exclusion of duly elected House representative from Georgia House of Representatives violated the First Amendment); *Boquist v. Courtney*, 32 F.4th 764, 783-84 (9th Cir. 2022) (requirement that minority party senator give 12 hours' notice prior to entering state capitol constituted materially adverse action because it prevented his timely access to the physical seat of government and interfered with his ability to meet with constituents, elected officials, and others on short notice therefore preventing him from doing his job); *Holloway v. Clackamas River Water*, 739 F. App'x 868, 869 (9th Cir. 2018) (elected board member's exclusion from executive sessions of the board was sufficiently adverse to state a retaliation claim because it deprived her of the rights and prerogatives of her elected office).

In *Rash-Aldridge*, an elected city-councilwoman was removed from her appointed seat on a metropolitan planning board by the city council. *Rash-Aldridge*, 96 F.3d at 118-19. In affirming the lower court's denial of the plaintiff-councilwoman's request for declaratory and injunctive relief, as well as damages, the court found that the removal did not violate the First Amendment because plaintiff's **capacity as an elected official was not compromised when she was removed from her discretionary appointment to the board**. *Id*. at 119. The court further distinguished plaintiff's elected position from her appointed position, stating that "'where the legislator is serving as an appointee, the prerogatives of office are not the same[,]'" and where "dissension between Rash-Aldridge and the Laredo city council kept them from speaking with one voice on the [board], the interests weighed in favor of the city council as the represented." *Id*. at 120.

Similarly, in *Blair*, a publicly-elected member of the school board, who served as the board's vice president, was removed from his position as vice president by a procedurally legitimate vote. *Blair*, 608 F.3d at 542, 544. The Ninth Circuit noted that the plaintiff "was removed from a titular position on a school board by the very people who elected him to the position in the first place[,]" and this occurred "[t]hrough the ordinary functioning of the

democratic process[.]" *Id*. at 544.  "[E]ven if the Board's intent was to play political hardball in response to [plaintiff]'s advocacy, **his authority as a member of the Board was unaffected**; despite his removal as Board vice president, he retained the full range of rights and prerogatives that came with having been publicly elected." *Id*. (emphasis added). As such, "the Board's action did not amount to retaliation in violation of the First Amendment." *Id*. at 546.

Here, Plaintiff's removal from his appointed positions was legitimate and does not run afoul of the First Amendment. Like the plaintiffs in *Rash-Aldridge* and *Blair*, Plaintiff was removed from his positions by the very same people that had appointed him, and such an action does not support a First Amendment retaliation claim. *See* ECF No. 1 ¶¶ 11-12; 14-15. Plaintiff's removal from his discretionary, liaison appointments did not affect Plaintiff's authority as a member of the Village Council whatsoever. Plaintiff retained all rights associated with having been publicly elected, and his ability to perform his elected duties was unchanged. In fact, the Village's Code of Ordinances makes clear that Plaintiff does not have a right to retain any of these ancillary positions, for they are entirely discretionary. *See* ECF No. 1 ¶ 11 ("Pursuant to Code of Ordinances ¶ 2-57(b), the Village Council **appoints** a non-voting Council liaison to each advisory committee.") (emphasis added).

Contrary to Plaintiff's contention in his Response that these removals reduced his ability to effectively represent his constituents, the purpose of the liaison position is to be the intermediary between the Council and committee. *Compare* ECF No. 20 p. 7, *with* ECF No. 1 ¶ 11 ("As the ordinance provides, the liaison's duties are (a) being the intermediary between the Council and committee…."). As an appointed liaison, Plaintiff was meant to be an intermediary **for the Council**. The Council is within its rights to replace Plaintiff with a more effective intermediary should it so choose. Likewise, the prohibition preventing Plaintiff from "issuing, presenting, sponsoring, or otherwise leading in the presentation of any award, proclamation, commendation, certificate, honoraria, or other ceremonial recognition on behalf of the Village of Palmetto Bay, whether at Village-hosted events or external events[,]" does not constitute a materially adverse

action as it does not interfere with Plaintiff's elected duties and does not hinder his ability to represent his constituents. *See Skillicorn v. Dickey*, No. CV-24-01074-PHX-DWL, 2024 WL 3992692, at *9 (D. Ariz. Aug. 29, 2024) (denying preliminary injunction where elected member of town council was precluded from holding the rotating position of Vice Mayor, not allowed to interact with staff members without another person present, required to apologize, and barred from seeking reimbursement for certain travel expenses because **such sanctions did not preclude him from continuing to attend council meetings, engage in spontaneous speech, meet with constituents, and cast votes**) (emphasis added).

The courts that have considered circumstances similar to those present here draw a sharp distinction between what constitutes materially adverse action against elected officials and what does not. Whereas actions that impede an official from taking his elected seat (*Bond*, 385 U.S. at 137), entering the state capitol where he serves (*Boquist*, 32 F.4th at 783-84), or appearing at executive sessions of the very body to which she was elected (*Holloway*, 739 F. App'x at 869) constitute materially adverse actions, removal from discretionary, titular, or otherwise unrelated positions does not interfere with an elected official's role and therefore does not constitute a sufficiently adverse action to state a First Amendment claim. *See Werkheiser*, 780 F.3d at 183; *Blair*, 608 F.3d at 544; *Rash-Aldridge*, 96 F.3d at 120. Ultimately, the Village's actions have not injured Plaintiff's free speech rights; rather, Plaintiff is federalizing a grievance about his removal from discretionary positions, and that is not supported by law. Dismissal of all claims against the Village is warranted. *See Werkheiser*, 780 F.3d at 183; *Chinn*, 429 F. App'x at 675; *see also Laird v Tatum,* 408 U.S. 1, 12-13 (1972) (noting the requirement that an individual demonstrate injury in order to challenge executive or legislative action); *Zilich v. Longo*, 34 F.3d 359, 363 (6th Cir. 1994) ("The First Amendment is not an instrument designed to outlaw partisan voting or petty political bickering through the adoption of legislative resolutions.").[3]

---

[3] Though factually distinguishable, the Southern District of Florida has held that more severe sanctions do not constitute adverse actions sufficient to support a First Amendment claim. *See Lucas v. City of Delray Beach*, 692 F. Supp. 3d 1271, 1288 (S.D. Fla. 2023) (plaintiff-officer's

## II.    NO CONTROLLING CASE LAW STATES *PICKERING* IS INAPPLICABLE.

Plaintiff cites to a vacated Eleventh Circuit opinion for his proposition that *Pickering* does not apply. ECF No. 20 p. 3 (citing *Warren v. DeSantis*, 90 F.4th 1115, 1133 (11th Cir. 2024), *opinion vacated and superseded*, 125 F.4th 1361 (11th Cir. 2025)). While the *Warren* Court did express "doubt" that *Pickering* applied to elected government officials, the Court ultimately applied *Pickering* and found that the First Amendment protected the plaintiff's activity. *Warren*, 90 F.4th at 1133-34. Regardless, the opinion was vacated and cannot bind this Court's application of *Pickering* to Plaintiff's retaliation claim.

The Eleventh Circuit has applied *Pickering* to circumstances where the plaintiff was not a traditional "public employee." *See McKinley v. Kaplan*, 262 F.3d 1146, 1149 (11th Cir. 2001) (plaintiff was unpaid member of advisory board). In *McKinley*, the plaintiff board-member "served as an appointed representative of the County and Commissioner Kaplan[.]" *Id*. at 1151. The court noted that plaintiff "occupied a seat on the Film Board allocated to the designee of Commissioner Kaplan's choice[,]" and "as her appointing authority, Kaplan could remove her at any time and replace her with another appointee of his choosing, subject to Commission approval." *Id*. "[T]he advisory board acted as a 'focal point' and '**liaison**' for the County, the entertainment industry and community at large[.]" *Id*. (emphasis added). The court held that the First Amendment does not impose an obligation to retain plaintiff as an advisory board appointee. *Id*.

This case is akin to *McKinley*. Though Plaintiff here is an elected official, not an unpaid advisory board member, his removal from his liaison positions is analogous to the removal in

---

suspension with pay, removal of badge and gun in front of her children, in conjunction with requirement that she stay in her house during work hours and undergo psychiatric exam before return to work did not constitute adverse action because it wouldn't "deter a reasonable person from exercising his First Amendment rights"). Another district court within the Eleventh Circuit had held (without applying *Pickering*) that, under factually analogous circumstances, failure to appoint someone to a committee does not constitute an adverse action **as a matter of law**. *Montgomery v. Hugine*, No. 5:17-CV-1934-LCB, 2019 WL 2601545, at *10 (N.D. Ala. June 25, 2019) (**dismissing** retaliation claim because plaintiff-board member's non-appointment to some unspecified committee did not constitute an adverse action).

*McKinley*. The First Amendment does not require that the Village retain Plaintiff as an appointed liaison.

Plaintiff cites to *Houston Cmty. Coll. Sys. v. Wilson* for the proposition that the "sensitivities around punishing elected officials for political speech are evident[.]" ECF No. 20 p. 4 (citing 595 U.S. 468 (2022)). However, as Plaintiff admits, the decision expressly did not address legislative censures accompanied by other actions. *Wilson*, 595 U.S. at 480. The Court held that a board's verbal censure of one of its members was **not** a materially adverse action. *Id*. at 479. The opinion's applicability here is therefore quite limited. The Court did note, however, that the censure did not prevent plaintiff from doing his job. *Id*. Here, none of the Village's actions prevented Plaintiff from doing his job as an elected official.

## III.    IF *PICKERING* IS APPLIED, DISMISSAL IS WARRANTED.

Plaintiff argues that the level of disruption that followed Plaintiff's post does not rise to the level of disruption necessary to justify the Village's actions; however, the Eleventh Circuit has ruled to the contrary. *Compare* ECF No. 20 p. 6, *with Cotriss v. City of Roswell*, No. 19-12747, 2022 WL 2345729, at *10 (11th Cir. June 29, 2022); *see also McCullars v. Maloy*, 369 F. Supp. 3d 1230, 1241 (M.D. Fla. 2019) (holding that the *Pickering* balance weighed in favor of the government employer and Plaintiff's speech was not entitled to protection under the First Amendment to the United States Constitution where public outcry was immediate and overwhelming, the Office of the Clerk of Court was flooded with messages by upset citizens demanding action, and the media was aggressively covering the story). This is not the case of a "heckler's veto." The Village suffered actual disruption, not merely threats of disruption, as evidenced by the dozens of residents that attended the zoning hearing that followed Plaintiff's post.[4]

---

[4] September 15, 2025 Village Council & Community Meetings, Village of Palmetto Bay, Florida https://palmettobay.granicus.com/player/clip/2081?view_id=3&redirect=true (last visited June 5, 2026).

In *Cotriss*, the defendant-city terminated plaintiff, a police officer, after an investigation concluded that plaintiff displayed a Confederate battle flag in front of her private home, sometimes with her police cruiser present. *Cotriss*, No. 19-12747, 2022 WL 2345729, at *1. The plaintiff's First Amendment claim failed as to the second prong of the *Pickering* analysis; namely, the employer's interests in effective and efficient operations outweighed the plaintiff's free speech interests. *Id*. at *9. The Court noted that

> [a]lthough the return of [plaintiff]'s police cruiser to the Police Department weakened the association between the flag and the Police Department, and [plaintiff]'s eventual removal of the flag eliminated any such association, the damage was done… at least **one resident** observed and associated the Police Department with the flag to the point that the person complained about the flag to the Police Department.

*Id*. at *10 (emphasis added).

While the police department received merely one complaint in *Cotriss*, the Village received many more in response to Plaintiff's post. Just as the damage had been done there, the damage had been done here. Plaintiff cites to no case law for his novel proposition that the Village's actions towards Plaintiff in November were too far removed from Plaintiff's disruptive post in September. *See* ECF No. 20 p. 5; *MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.*, 544 F. Supp. 3d 1334, 1346 (S.D. Fla. 2021) (Altman, J.) ("The law demands that lawyers present their clients' cases with argument *and* citation.") (emphasis in original). Moreover, Plaintiff's post remained a disruptive force, even in November, as evidenced by continued commentary calling out Plaintiff's post in Council meetings.[5] To be clear, actual disruption is not needed, but it does tip the scales in favor of the government employer. *See Snipes v. Volusia Cnty.*, 704 F. App'x 848, 852 (11th Cir. 2017)

---

[5] September 17, 2025 Village Council & Community Meetings, Village of Palmetto Bay, Florida https://palmettobay.granicus.com/player/clip/2082 (last visited June 5, 2026); October 6, 2025 Village Council & Community Meetings, Village of Palmetto Bay, Florida https://palmettobay.granicus.com/player/clip/2090 (last visited June 5, 2026); November 3, 2025 Village Council & Community Meetings, Village of Palmetto Bay, Florida https://palmettobay.granicus.com/player/clip/2108 (last visited June 5, 2026).

(government's legitimate interest in avoiding disruption does not require proof of actual disruption; rather, **a reasonable possibility of adverse harm is all that is required**); *McCullars*, 369 F. Supp. 3d at 1240 ("[W]hen actual disruption to the government employer's operations occurs, this constitutes persuasive evidence that the government has met its burden under the *Pickering* balancing test."). Because Plaintiff's post definitively impeded the Village's ability to perform its duties efficiently, and the manner, time, place, and context of Plaintiff's post (which the Response fails to address) weigh in favor of the Village, the Village's interests in effective and efficient fulfillment of its responsibilities and in maintaining public confidence outweigh Plaintiff's free-speech interests, requiring dismissal of Count One. *See Biro v. City of Tallahassee*, No. 24-10594, 2025 WL 1068229, at *8 (11th Cir. Apr. 9, 2025) (holding that the district court properly dismissed with prejudice complaint for First Amendment retaliation because plaintiff failed to demonstrate that her free speech interest outweighs the City's interest in the efficient and effective administration of government services).

## IV.   PLAINTIFF FAILS TO CITE ANY RELEVANT CASE LAW SUPPORTING HIS DISCRIMINATION CLAIM.

In his Response, Plaintiff makes the conclusory claim that the Complaint's allegations support elements of his viewpoint discrimination claim; yet he fails to cite to any relevant case law that would support a viewpoint discrimination claim in the circumstances present here. *See* ECF No. 20 p. 3. The case law cited is entirely distinguishable and does not support a viewpoint discrimination claim stemming from a resolution that is **<u>entirely free of any speech restrictions</u>**. *See Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 164 (2015) (finding that the restrictions in town sign code depended entirely on the communicative content of the sign and therefore constituted content-based restrictions); *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 837 (1995) (holding that a guideline prohibiting funding on behalf of publications that primarily promote or manifest a particular belief in or about a deity or an ultimate reality constituted viewpoint discrimination); *Honeyfund.com Inc. v. Governor*, 94 F.4th 1272, 1280 (11th Cir. 2024) (finding that Florida's Individual Freedom Act banning mandatory workplace trainings endorsing

certain viewpoints constituted a content- and viewpoint-based speech regulation). The Village's limited actions in no way restrict Plaintiff's speech, and Plaintiff has failed to plausibly allege anything to the contrary. As such, Count Two fails as a matter of law and must be dismissed. *See Sheets v. Pribble*, No. 2:25-CV-500-KCD-NPM, 2026 WL 681823, at *3 (M.D. Fla. Mar. 11, 2026); *Sheets v. Martin*, No. 2:25-CV-444-SPC-NPM, 2026 WL 74078, at *3 (M.D. Fla. Jan. 9, 2026).

## V.      THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE NEWS ARTICLES ATTACHED TO THE VILLAGE'S MOTION TO DISMISS.

Though true that the court in *Osterback v. Scott* denied a request for judicial notice on a motion to dismiss, it did so because the plaintiff was requesting that "judicial notice be taken of the **truth** of statements made in the article when ruling on the motion to dismiss[.]" *Osterback v. Scott*, No. 4:16CV105-MW/CAS, 2016 WL 11475136, at *2 (N.D. Fla. July 25, 2016), *report and recommendation adopted in part*, No. 4:16CV105-MW/CAS, 2016 WL 4445255 (N.D. Fla. Aug. 18, 2016) (emphasis added). The proposition that "Courts may take judicial notice of newspaper articles 'for the limited purpose of' noting statements within the article, but 'not to determine the truth of matters asserted in the' article" still stands. *Id*. (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1287, n.10 (11th Cir. 1999); *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 815 (11th Cir. 2015)). The Village is not seeking for this Court to take notice of the truth of the articles attached to its Motion to Dismiss; rather, the Village asserts that this Court should take judicial notice that these articles were published as further support that the Village experienced actual disruption in its operations that impeded its abilities to perform its duties efficiently. *See id*.; *White v. City of Birmingham, Ala.*, 96 F. Supp. 3d 1260, 1269 (N.D. Ala. 2015), as amended (May 27, 2015) (taking judicial notice that news articles were published).

WHEREFORE, Defendant, VILLAGE OF PALMETTO BAY, respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' Complaint with prejudice and any other relief it deems appropriate.

I HEREBY CERTIFY that on this 8th day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WYDLER LAW
*Attorneys for Defendant, Village of Palmetto Bay*
1550 Madruga Avenue
Suite 400
Coral Gables, FL 33146
(305) 446-5528
(786) 422-1373 (fax)

BY /s/ Lourdes E. Wydler
    LOURDES E. WYDLER
    F.B.N.  719811
    lew@wydlerlaw.com
    Secondary email:
    guertty@wydlerlaw.com

## SERVICE LIST

Nicholas Lyndol Villacor Warren, Esq.
FBN: 1019018
nwarren@aclufl.org
(786) 363-1769
Caroline Andrews McNamara, Esq.
FBN: 1038312
cmcnamara@aclufl.org
(786) 363-1392
Samantha Jo Past, Esq.
FBN: 1054519
spast@aclufl.org
(786) 363-2738
Daniel Boaz Tilley, Esq.
FBN: 102882
dtilley@aclufl.org
(786) 363-2714
Michelle Morton, Esquire
FBN: 81975
mmorton@aclufl.org
(786) 363-1062

American Civil Liberties Union Foundation of Florida
4343 W. Flagler Street
Suite 400
Miami, FL 33134
(786) 363-1257 (fax)
***Counsel for Plaintiff***