UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 1:26-cv-22960-CMA

STEPHEN M. CODY

      Plaintiff,

vs.

VILLAGE OF PALMETTO BAY

      Defendant.

_____/

## VILLAGE OF PALMETTO BAY'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, VILLAGE OF PALMETTO BAY, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and this Court's Order (ECF No. 24), files this Answer and Affirmative Defenses as follows:

1.     Defendant denies as phrased the allegations in Paragraph one (1) of the Complaint and demands strict proof thereof.

2.     Defendant denies as phrased the allegations in Paragraph two (2) of the Complaint and demands strict proof thereof.

3.     Defendant denies as phrased the allegations in Paragraph three (3) of the Complaint and demands strict proof thereof.

4.     Defendant admits only that this is an action for damages and declaratory and injunctive relief brought under 42 U.S.C. § 1983. The Defendant denies the remainder of the allegations in Paragraph four (4) of the Complaint and demands strict proof thereof. The Defendant denies any wrongdoing.

## I. PARTIES, JURISDICTION, AND VENUE

5.      Defendant admits the allegation in Paragraph five (5) of the Complaint.

6.      Defendant admits the allegation in Paragraph six (6) of the Complaint.

7.      Defendant admits only that the Court has jurisdiction. The Defendant denies the remainder of the allegations in Paragraph seven (7) of the Complaint and demands strict proof thereof. The Defendant denies any wrongdoing.

8.      Defendant admits only that venue is proper. The Defendant denies the remainder of the allegations in Paragraph eight (8) of the Complaint and demands strict proof thereof. The Defendant denies any wrongdoing.

## II. FACTUAL ALLEGATIONS

9.      Defendant admits the allegation in Paragraph nine (9) of the Complaint.

10.     Defendant admits only that the Education Advisory Committee reviews and supports the terms of the Education Compact between the Village and Miami-Dade County Public School. The Defendant denies the remainder of the allegations in Paragraph ten (10) of the Complaint and demands strict proof thereof.

11.     Defendant denies as phrased the allegation in Paragraph eleven (11) of the Complaint and demands strict proof thereof.

12.     Defendant admits the allegation in Paragraph twelve (12) of the Complaint.

13.     Defendant denies as phrased the allegation in Paragraph thirteen (13) of the Complaint and demands strict proof thereof.

14.     Defendant denies as phrased the allegation in Paragraph fourteen (14) of the Complaint and demands strict proof thereof.

15.     Defendant admits only that the Council appointed Plaintiff as the Council liaison to the Village's Art in Public Places Advisory Board on January 13, 2025, and the Mayor appointed Plaintiff as the non-voting Council member on the Village's Charter Review Commission on March 3, 2025.  The Defendant denies the remainder of the allegations in Paragraph fifteen (15) of the Complaint and demands strict proof thereof.

16.     Based upon reasonable investigation, the allegations contained in Paragraph sixteen (16) of the Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

17.     Based upon reasonable investigation, the allegations contained in Paragraph seventeen (17) of the Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

18.     Based upon reasonable investigation, the allegations contained in Paragraph eighteen (18) of the Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

19.     Defendant denies as phrased the allegations in Paragraph nineteen (19) of the Complaint.

20.     Defendant admits the allegations in Paragraph twenty (20) of the Complaint.

21.     Defendant admits the allegations in Paragraph twenty-one (21) of the Complaint.

22.     Defendant denies as phrased the allegations in Paragraph twenty-two (22) of the Complaint.

23.     Defendant denies the allegations in Paragraph twenty-three (23) of the Complaint and demands strict proof thereof.

24.     Defendant denies the allegations in Paragraph twenty-four (24) of the Complaint including all subparts and demands strict proof thereof.

25. Defendant denies the allegations in Paragraph twenty-five (25) of the Complaint and demands strict proof thereof.

26. Defendant denies the allegations in Paragraph twenty-six (26) of the Complaint and demands strict proof thereof.

27. Defendant denies as phrased the allegations in Paragraph twenty-seven (27) of the Complaint and demands strict proof thereof.

28. Defendant denies the allegation in Paragraph twenty-eight (28) of the Complaint and demands strict proof thereof.

29. Defendant denies the allegation in Paragraph twenty-nine (29) of the Complaint and demands strict proof thereof.

30. Defendant denies the allegation in Paragraph thirty (30) of the Complaint and demands strict proof thereof.

31. Defendant denies the allegation in Paragraph thirty-one (31) of the Complaint and demands strict proof thereof.

32. Defendant admits only that Exhibit A was attached to the Complaint . Defendant denies as phrased the remainder of the allegation in Paragraph thirty-two (32) of the Complaint and demands strict proof thereof.

33. Defendant denies as phrased the allegations in Paragraph thirty-three (33) of the Complaint and demands strict proof thereof.

34. Defendant denies as phrased the allegations in Paragraph thirty-four (34) of the Complaint and demands strict proof thereof.

35. Defendant denies the allegations in Paragraph thirty-five (35) of the Complaint and demands strict proof thereof.

36.     Defendant admits the allegations in Paragraph thirty-six (36) of the Complaint.

37.     Defendant denies as phrased the allegations in Paragraph thirty-seven (37) of the Complaint and demands strict proof thereof.

38.     Defendant denies the allegations in Paragraph thirty-eight (38) of the Complaint and demands strict proof thereof.

39.     Defendant admits the allegations in Paragraph thirty-nine (39) of the Complaint.

40.     Defendant denies the allegations in Paragraph forty (40) of the Complaint and demands strict proof thereof.

41.     Defendant denies as phrased the allegations in Paragraph forty-one (41) of the Complaint including subparts and demands strict proof thereof.

42.     Defendant denies the allegations in Paragraph forty-two (42) of the Complaint and demands strict proof thereof.

43.     Defendant denies the allegations in Paragraph forty-three (43) of the Complaint and demands strict proof thereof.

44.     Defendant denies the allegations in Paragraph forty-four (44) of the Complaint and demands strict proof thereof.

45.     Defendant denies the allegations in Paragraph forty-five (45) of the Complaint and demands strict proof thereof.

46.     Defendant denies the allegations in Paragraph forty-six (46) of the Complaint and demands strict proof thereof.

47.     Defendant denies the allegations in Paragraph forty-seven (47) of the Complaint and demands strict proof thereof.

48.     Defendant denies the allegations in Paragraph forty-eight (48) of the Complaint and demands strict proof thereof.

49.     Defendant denies the allegations in Paragraph forty-nine (49) of the Complaint and demands strict proof thereof.

## CLAIMS FOR RELIEF

### COUNT ONE
### First Amendment Retaliation
### (42 U.S.C. § 1983)

50.     Defendant re-alleges and re-affirms each and every response above to Paragraphs one (1) through forty-nine (49) of the Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

51.     Defendant denies as phrased the allegations in Paragraph fifty-one (51) of the Complaint and demands strict proof thereof.

52.     Defendant denies as phrased the allegations in Paragraph fifty-two (52) of the Complaint and demands strict proof thereof.

53.     Defendant denies the allegations in Paragraph fifty-three (53) of the Complaint and demands strict proof thereof.

54.     Defendant denies the allegations in Paragraph fifty-four (54) of the Complaint and demands strict proof thereof.

55.     Defendant denies the allegations in Paragraph fifty-five (55) of the Complaint and demands strict proof thereof.

56.     Defendant denies the allegations in Paragraph fifty-six (56) of the Complaint and demands strict proof thereof.

57.     Defendant denies the allegations in Paragraph fifty-seven (57) of the Complaint and demands strict proof thereof.

58.     Defendant denies the allegations in Paragraph fifty-eight (58) of the Complaint and demands strict proof thereof.

## COUNT TWO
## First Amendment Content and Viewpoint Discrimination
### (42 U.S.C. § 1983)

59.     Defendant re-alleges and re-affirms each and every response above to Paragraphs one (1) through forty-nine (49) of the Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

60.     Defendant denies as phrased the allegations in Paragraph sixty (60) of the Complaint and demands strict proof thereof.

61.     Defendant denies as phrased the allegations in Paragraph sixty-one (61) of the Complaint and demands strict proof thereof.

62.     Defendant denies the allegations in Paragraph sixty-two (62) of the Complaint and demands strict proof thereof.

63.     Defendant denies the allegations in Paragraph sixty-three (63) of the Complaint and demands strict proof thereof.

64.     Defendant denies the allegations in Paragraph sixty-four (64) of the Complaint and demands strict proof thereof.

65.     Defendant denies the allegations in Paragraph sixty-five (65) of the Complaint and demands strict proof thereof.

66.     Defendant denies the allegations in Paragraph sixty-six (66) of the Complaint and demands strict proof thereof.

67.     Defendant denies the allegations in Paragraph sixty-seven (67) of the Complaint and demands strict proof thereof.

68.     Defendant denies the allegations in Paragraph sixty-eight (68) of the Complaint and demands strict proof thereof.

## GENERAL DENIAL

Defendant denies each and every allegation of the Complaint to the extent not previously admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a first affirmative defense, Defendant asserts that Plaintiff's speech is not protected speech, as he was not speaking as a private citizen on matters of public concern. Public employee speech "ordinarily within the scope of [their] duties" is not afforded First Amendment protection. *See McCullars v. Maloy*, 369 F. Supp. 3d 1230, 1237-38 (M.D. Fla. 2019) (quoting *Lane v. Franks*, 573 U.S. 228, 134 S. Ct. 2369, 2379, 189 L. Ed. 2d 312 (2014)). Plaintiff's duties include engaging with village residents in public forums, including social media platforms.

### Second Affirmative Defense

As a second affirmative defense, Defendant asserts that even if Plaintiff's speech is protected, his claim is barred because the Village's interests outweigh Plaintiff's free speech interests. *See Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563, 568 (1968).

### Third Affirmative Defense

8

As a third affirmative defense, Defendant asserts that Plaintiff's removal as EAC liaison was not a materially adverse action, as this was an appointed position where appointees serve at the will of the appointing body. Furthermore, Plaintiff's position as an elected member of the Village Council was not affected by his removal from the EAC, nor was he denied any privilege he was entitled to as a result of being an elected councilmember. *See Montgomery v. Hugine*, No. 5:17-CV-1934-LCB, 2019 WL 2601545, at *10 (N.D. Ala. June 25, 2019).

### Fourth Affirmative Defense

As a fourth affirmative defense, Defendant asserts that its alleged actions would not deter a person of ordinary firmness from the exercise of First Amendment rights. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005).

### Fifth Affirmative Defense

As a fifth affirmative defense, Defendant asserts that there is no causal connection between Plaintiff's purported speech and the actions taken by the Village of Palmetto Bay to support a cause of action for an alleged First Amendment violation. The alleged speech did not play a motivating role in any of the alleged retaliatory conduct by the Village of Palmetto Bay as Resolution No. 25-68 was based on legitimate, non-retaliatory reasons.

### Sixth Affirmative Defense

As a sixth affirmative defense, Defendant asserts that it is entitled to a setoff of all payments paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident alleged in the Complaint, in accordance with Florida Statutes.

### Seventh Affirmative Defense

As a seventh affirmative defense Defendant asserts that, to the extent that any alleged restrictions were placed on Plaintiff, such restrictions were content-neutral.

**Eighth Affirmative Defense**

As an eighth affirmative defense Defendant asserts that, even if the alleged restrictions were not content-neutral, they were reasonable and narrowly tailored to serve a significant government interest and/or leave open ample alternative channels of communication.

**Ninth Affirmative Defense**

As a ninth affirmative defenses, Defendant asserts that Plaintiff lacks standing to obtain prospective declaratory and injunctive relief because he fails to allege a real and immediate threat of future constitutional injury necessary for such prospective relief.

**Tenth Affirmative Defense**

As a tenth affirmative defense, Defendant asserts that it is entitled to all the rights, privileges, and immunities, including limits on liability, sovereign immunity limits, and attorney's fees, through provisions set forth in § 768.28, Florida Statutes.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert such other affirmative defenses available as may be revealed through discovery in this matter.

## DEMAND FOR ATTORNEYS' FEES

Defendant retained counsel to defend this action and hereby demands recovery of attorney's fees under 42 U.S.C. § 1988 should it be the prevailing party.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

I HEREBY CERTIFY that on this 24th day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WYDLER LAW
*Counsel for Defendant, Village of Palmetto Bay*
1550 Madruga Ave, Suite 400
Coral Gables, FL 33146
(305) 446-5528
(305) 446-0995 (fax)

BY   /s/  Lourdes E. Wydler
      LOURDES E. WYDLER
      F.B.N.:  719811
      lew@wydlerlaw.com
      ALANDRA A. TEJEDOR
      F.B.N.:  1031889
      aat@wydlerlaw.com
      Secondary email:
      guertty@wydlerlaw.com

## SERVICE LIST

Counsel for Plaintiff:
Nicholas Lyndol Villacor Warren, Esq.
FBN: 1019018
nwarren@aclufl.org
(786) 363-1769
Caroline Andrews McNamara, Esq.
FBN: 1038312
cmcnamara@aclufl.org
(786) 363-1392
Samantha Jo Past, Esq.
FBN: 1054519
spast@aclufl.org
(786) 363-2738

11

Daniel Boaz Tilley, Esq.
FBN: 102882
dtilley@aclufl.org
(786) 363-2714
Michelle Morton, Esquire
FBN: 81975
mmorton@aclufl.org
(786) 363-1062
American Civil Liberties Union Foundation of Florida
4343 W. Flagler Street
Suite 400
Miami, FL 33134
(786) 363-1257 (fax)